FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2022 DEC 23 PM 1:46

AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: NEBRASKA | |
|---|---|---|
| Name (under which you were convicted):<br><br>JOHN W. DALTON JR. | | Docket or Case No.:<br><br>4:22cv 3269 |
| Place of Confinement :<br><br>TECUMSEH STATE CORRECTION INSTITUTION | Prisoner No.:<br><br>88763 | |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| <br>JOHN W. DALTON JR. | v.<br><br>CRAIG GABLE  T.S.C.I.   WARDEN |
| The Attorney General of the State of  NEBRASKA | DOUGLAS J. PETERSON |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    DISTRICT COURT OF DOUGLAS COUNTY,NEBRASKA

    100 HALL OF JUSTICE

    1701 FARNAM STREET       OMAHA,NEBRASKA 68183

    (b) Criminal docket or case number (if you know):
    CR-18-394

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:
    DECEMBER 10,2018

3.  Length of sentence:
    LIFE IN PRISON

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    3 COUNTS OF FIRST DEGREE MURDER

    3 COUNTS OF USE OF A WEAPON

    1 COUNT OF FELON IN POSSESSION OF A WEAPON

RECEIVED

DEC 23 2022

CLERK
U.S. DISTRICT COURT
LINCOLN

6.  (a) What was your plea? (Check one)

    ☐  (1)   Not guilty      ☐   (3)   Nolo contendere (no contest)

    ☒  (2)   Guilty          ☐   (4)   Insanity plea

AO 241
(Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☒ No

8.  Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: DOUGLAS COUNTY DISTRICT COURT of NEBRASKA

(b) Docket or case number (if you know): CR-18-394

(c) Result: DENIED

(d) Date of result (if you know): NOVEMBER 18,2019

(e) Citation to the case (if you know):

(f) Grounds raised:
1. INEFFECTIVE ASSISTANCE OF COUNSEL
2. INCOMPETENT DEFENDANT

(g) Did you seek further review by a higher state court?     ☒ Yes     ☐ No

If yes, answer the following:

(1) Name of court: NEBRASKA SUPREME COURT

(2) Docket or case number (if you know): S-19-1192

(3) Result: DENIED

(4) Date of result (if you know): OCTOBER 20,2020

AO 241
(Rev. 10/07)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

1. INEFFECTIVE ASSISTANCE OF COUNSEL
2. INCOMPETENT DEFENDANT

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: DOUGLAS COUNTY DISTRICT COURT of NEBRASKA

(2) Docket or case number (if you know): CR-18-394

(3) Date of filing (if you know): FEBRUARY 7,2022

(4) Nature of the proceeding:

(5) Grounds raised:

1. INCOMPETENCY was not addressed in first postconviction relief.
2. INEFFECTIVE ASSISTANCE OF COUNSEL on JERRY M. HUG for not addressing incompetency of a defendant & not talking to defendant at all on this case during covid.
3. Conflict of interest on Att. JERRY M. HUG for being so buddy buddy with county Att. Katie Benson and not arguing my case effectively in court like a normal attorney.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result: DENIED

(8) Date of result (if you know): MARCH 22,2022

AO 241
(Rev. 10/07)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: NEBRASKA COURT OF APPEALS

(2) Docket or case number (if you know): S-22-0257

(3) Date of filing (if you know): APRIL 4,2022

(4) Nature of the proceeding:

(5) Grounds raised: NO COMPETENCY HEARING & NOT TIME BARRED FILED ON TIME.

1. Incompetency hearing not addressed.
2. Can't be time barred when Judge Leigh Ann Retelsdorf made her last rulling on my first postconviction relief on February 10,2021 and I filed my second postconviction relief on February 7,2022 on time with in the 1 year time limit.
3. The prison was locked down for a year because of covid and lack of staff no law libruary access at all in the 2021 year. Inmates sick & staff sick and a max prison were we are stuck on our unit bay or dayrooms only.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☒  No

(7) Result: DENIED

(8) Date of result (if you know): JUNE 29,2022

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: NEBRASKA SUPREME COURT

(2) Docket or case number (if you know): S-22-0257

(3) Date of filing (if you know): JULY 25,2022

(4) Nature of the proceeding: PETITION FOR FURTHER REVIEW

(5) Grounds raised:

1. Ineffective assistance of counsel on Att. Jerry M.Hug for not addressing ineffective assistance of counsel on Att. Cindy Tate my trial counsel and not addressing a incompetency hearing being held.
2. Can't be time barred when Judge Retelsdorf made her last ruling on my first postconviction on February 10,2021 and I filed my second postconviction relief on February 7,2022 on time with in the 1 year time limit.
3. Covid shut down the prison 2021 there was no law libruary and no movement in the prison the hole 2021 year.

✎AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: DENIED

(8) Date of result (if you know): JULY 27,2022

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☒ Yes    ☐ No

(2) Second petition:    ☒ Yes    ☐ No

(3) Third petition:     ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Petitioner was denied his right to Effective Assistance of Counsel(trail counsel public defender Cindy Tate)as protected by the sixth & fourteenth Amendment of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

claim(1)Counsel never filed a direct appeal for petitioner after sentencing nor counsel give fair advise.

claim(2)Counsel kept lying to petitioner about evidence to case and about having police reports to case.

claim(3)Counsel violated petitioners sixth amendment right to fair counsel by perswading the petitioner to plea out to the same charges with no real plea

claim(4)Counsel violated petitioners right to not be tried while incompetent,do to nature of the case,counsel never ordered a evaluation of petitioners mental state.

(b) If you did not exhaust your state remedies on Ground One, explain why:

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| THE STATE OF NEBRASKA, | ) | CR18-394 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING POSTCONVICTION |
| JOHN DALTON, | ) | RELIEF |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

FILED
#6     IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
NOV 1 9 2019
JOHN M. FRIEND
CLERK DISTRICT COURT

This matter comes before the Court for an evidentiary hearing on Defendant's Verified Motion for Postconviction Relief filed April 8, 2019. The State appeared through Deputy County Attorney, Katie Benson, and Defendant appeared through his counsel, Jerry Hug. The Court received the depositions of the Defendant and of trial counsel, Cindy Tate, as Exhibits 1 and 2. The Court also Received a letter mailed December 10, 2018 to Defendant from Mrs. Tate as Exhibit 3. The matter was then taken under advisement after receiving proposed orders from the parties.

## STANDARD OF REVIEW

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and it is available only when a constitutional right has been infringed or violated. *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006).

## LEGAL ANALYSIS

The sole issue before this Court is whether or not trial counsel was ineffective for failing to file a direct appeal of Defendant's conviction and sentence. It is undisputed that a direct appeal was never filed on behalf of Defendant after his plea and sentence. In Nebraska, the law provides the following on this issue:



001969091D01

Where a defendant has not specifically given instructions concerning an appeal, the first question to be asked is whether counsel consulted with the defendant about an appeal. If counsel has consulted, that is, advised the defendant about the advantages and disadvantages of taking an appeal, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."

Although the Court agreed that the better practice is for counsel to routinely consult with the defendant regarding an appeal, it rejected a bright-line rule requiring counsel to always consult with the defendant concerning an appeal. *Id.* Instead, the Court held that:

counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

\*\*\*

The Court concluded that to show prejudice related to the failure to file an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega,* 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Whether a defendant meets his burden depends on the facts of a particular case. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." 528 U.S. at 485, 120 S.Ct. 1029.

To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.

*State v. Wagner,* 271 Neb. 253, 710 N.W.2d 627 (2006) (some citations omitted). *See also*

*Deckard, supra* at 416.

There is evidence from Defendant and trial counsel regarding whether Defendant requested a direct appeal. Trial counsel testified that she explained the right to appeal during a

2

meeting with Defendant prior to his entry of plea. (Tate Dep. 10:13-11:11). Trial counsel

testified that Defendant never indicated he wanted to file a direct appeal after sentencing, but

trial counsel still sent a standard letter advising Defendant of his right to file a direct appeal (Ex.

3; Tate Dep. 12:3-12:17). Trial counsel did receive a voicemail from Defendant December 12th,

but it had nothing to do with the filing of a direct appeal and trial counsel received no further

communication from Defendant. (Tate Dep. 13:6-14:15). Had she been requested, trial counsel

would have filed the direct appeal regardless of whether counsel felt the appeal would have had

any issues with merit. (Tate Dep. 15:10-13).

In reviewing the depositions, the Court finds trial counsel's testimony to be more

credible. The evidence supports a finding that trial counsel adequately consulted with Defendant

about an appeal in light of a plea and Defendant did not expressly instruct trial counsel to file one

within the statutorily required timeframe. Thus, counsel acted in a professionally reasonable

manner and Defendant is not entitled to postconviction relief in the form of a direct appeal. *See*

*Wagner*, 271 Neb. at 261 (finding testimony established counsel was not deficient in that

defendant never expressly requested counsel to file an appeal); *Deckard, supra* (affirming denial

of postconviction relief on finding that trial counsel's testimony that defendant never requested a

direct appeal was simply more credible).1

The Court also finds that any remaining issues in the postconviction, which the Court did

not grant an evidentiary hearing on are denied because the motion fails to state sufficient facts

regarding counsel being deficient or showing prejudice, which would require facts showing

---

1 Even if the Court found that trial counsel failed to consult with Defendant about an appeal and had to make further inquiry per *Wagner*, the Court finds Defendant failed to meet his burden in establishing that a rational defendant would want to appeal, that he reasonably demonstrated he was interested in appealing within the required timeframe or that he was prejudiced.

3

Defendant would have insisted on going to trial and not accept the plea offer. *See e.g. State v. Armendariz*, 289 Neb. 896, 902-03, 857 N.W.2d 775, 783 (2015).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's request for postconviction relief is denied.

DATED this $\underline{18}$ day of $\underline{\hspace{2cm}}$, 2019.

BY THE COURT:

Leigh Ann Retelsdorf
District Court Judge

4

AO 241
(Rev. 10/07)

Page 7

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  I did not get to raise every issue because of counsel Att. Jerry M.Hug was ineffective and would not amend my appeal and add to it like I wanted him to. Att. Jerry M. Hug was buddy buddy with Judge Retelsdorf and Douglas County Att. Katie Benson.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  "Verified Motion to Vacate and set aside Convictions"

Name and location of the court where the motion or petition was filed:

Douglas County District Court of Nebraska ,1701 FARNAM STREET 100 Hall OF JUSTICE            OMAHA,NEBRASKA 68183
Docket or case number (if you know):  CR-18-394

Date of the court's decision:  NOVEMBER 18,2019
Result (attach a copy of the court's opinion or order, if available):DENIED

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
 NEBRASKA COURT OF APPEALS  &  NEBRASKA SUPREME COURT
2413 State Capital,P.O.Box 98910 Lincoln, Nebraska  68509-8910
Docket or case number (if you know):  S-19-1192

Date of the court's decision:OCTOBER 20,2020

Result (attach a copy of the court's opinion or order, if available):DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** Petitioner was denied his right to Effective Assistance of Counsel on (postconviction appointed Att. Jerry M.Hug)as protected by the sixth & fourteenth Amendment of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
claim(1)counsel never amended my motion with other arguements that i wanted him to.
claim(2)counsel was a conflict of intrest for riding in same car with Douglas county Att. Katie Benson to my deposition and not argueing my case or objecting to anything she said during my deposition,Att. Jerry was buddy buddy with county Att. Katie Benson.
claim (3) counsel was a conflict of intrest,he was buddy buddy with Judge Retelsdorf & Douglas county Att. Katie benson in the courtroom he never really argued my case in court.
claim (4) counsel kept petitioner in the dark on court proceedings & counsel could not be contacted by phone or E-mail,he was a conflict of intrest.
claim (5) counsel never made an effert to come and see me at Tecumseh Prison and talk to me and here what i want him to do or get my thoughts on what he is doing on my behalf.
(b) If you did not exhaust your state remedies on Ground Two, explain why: Exhausted all state remedies.
claim (6) Counsel violated petitioners right to not be tried while incompetent,do to nature of the case,counsel never ordered a evaluation of petitioners mental state.

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Relief Motion Filed on  February 7,2022

Name and location of the court where the motion or petition was filed:
Douglas County District Court of Nebraska        ,1701 Farnam Street
100 Hall of Justice        Omaha,Nebraska 68183
Docket or case number (if you know): CR-18-394

Date of the court's decision:     March 22,2022    Denied



# CLERK OF THE NEBRASKA SUPREME COURT
## AND NEBRASKA COURT OF APPEALS
### 2413 State Capitol, P.O. Box 98910
### Lincoln, Nebraska 68509-8910
### (402) 471-3731
### FAX (402) 471-3480

July 27, 2022

John W Dalton Jr
TSCI c/o LRC Bldg 1
2725 N Hwy 50, PO Box 900
Tecumseh, NE 68450-2800


IN CASE OF: S-22-000257, State v. John W Dalton Jr
TRIAL COURT/ID: Douglas County District Court CR18-394

The following filing: Post-Mandate Filing (PFR)
    Filed on 07/25/22
    Filed by appellant John W Dalton Jr

Has been reviewed by the court and the following order entered:

    Petition of Appellant for further review denied.


                        Respectfully,

                        Clerk of the Supreme Court
                          and Court of Appeals



**CLERK OF THE NEBRASKA SUPREME COURT**
**AND NEBRASKA COURT OF APPEALS**
**2413 State Capitol, P.O. Box 98910**
**Lincoln, Nebraska 68509-8910**
**(402) 471-3731**
**FAX (402) 471-3480**

June 29, 2022

John W Dalton Jr #88763
TSCI c/o LRC Bldg 1
2725 N Hwy 50, PO Box 900
Tecumseh, NE 68450-2800

**IN CASE OF:** S-22-000257, State v. John W Dalton Jr
**TRIAL COURT/ID:** Douglas County District Court CR18-394

**The following filing:** Motion Appellee for Summary Affirmance
      Filed on 06/10/22
      Filed by appellee State of Nebraska

**Has been reviewed by the court and the following order entered:**

      Motion of Appellee for summary affirmance sustained; judgment
      affirmed.  See Neb. Ct. R. App. P. § 2-107(B)(2).

                    Respectfully,

                    Clerk of the Supreme Court
                      and Court of Appeals

AO 241
(Rev. 10/07)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Nebraska Court of Appeals ) Nebraska Supreme Court

Docket or case number (if you know):
S-22-0257 ) S-22-0257

Date of the court's decision: June 29,2022  Denied) July 27,2022    Denied

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

✎AO 241                                                                                              Page 10
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐   Yes     ☐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:



(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

Page 13

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?    ☒ Yes    ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,
ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?    ☐ Yes    ☒ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?    ☐ Yes    ☒ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
raised.

AO 241
(Rev. 10/07)

Page 14

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: Douglas County Public Defender  Att. Cindy Tate
Att.  Thomas C. Riley   Ho5 Civic Center  Omaha, Nebraska 68183

(b) At arraignment and plea:  Douglas County Public Defender Att. Cindy Tate
Att. Thomas C. Riley    Ho5 Civic Center  Omaha, Nebraska  68183

(c) At trial:


(d) At sentencing:  Douglas County Public Defender Att. Cindy Tate
Ho5 Civic Center  Omaha, Nebraska 68183

(e) On appeal:  Jerry M. Hug    Attorney at law    209 South 19th Street
Suite  323        Omaha, Nebraska 68102

(f) In any post-conviction proceeding: Att. Jerry M. Hug        Attorney at law

Suite 323        Omaha, Nebraska 68102    209 South 19th. Street

(g) On appeal from any ruling against you in a post-conviction proceeding: Att.  Jerry M. Hug
Attorney at Law    209 South 19th. Street   Suite 323

Omaha, Nebraska 68102

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?         ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?         ☐ Yes    ☒ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

United States District Court For The District Of Nebraska

*John W. Dalton Jr.*

JOHN W. DALTON JR.

P.O.BOX  900

TECUMSEH, NEBRASKA 68450

DATED  *12-16-22*

## APPLICATION OF EQUITABLE TOLLING

Honorable Judge before you get into my ground for relief. I am here to asking and asserting that you applied equitable tolling to my habeas corpus as if my computation is right i think i am 90 days pass my one- year limitations for my habeas corpus application to be considered timely. Equitable tolling should be applied to my habeas corpus application due to the following reasons:

Honorable Judge from December of 2020  through March of 2022  I was subjected to quarantine due to other inmates and staff and myself tested covid-19 positive.During this time period everyone in my gallery including me were confined to our gallery only and were not permitted access to any library  materials or a libruary for that matter. We had no access to any research materials or legal aid assistance at all. We were short of staff because of people quitting and covid-19 was so bad. I sincerly hope you except my letter and grant me timely and not barred in my case so my Habeas Corpus case can be heard and i need legal counsel appointed to help me on this case.

AO 241
(Rev. 10/07)

Page 15

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

      (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
            custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

            (A)      the date on which the judgment became final by the conclusion of direct review or the expiration
                    of the time for seeking such review;

            (B)      the date on which the impediment to filing an application created by State action in violation of
                    the Constitution or laws of the United States is removed, if the applicant was prevented from
                    filing by such state action;

            (C)      the date on which the constitutional right asserted was initially recognized by the Supreme
                    Court, if the right has been newly recognized by the Supreme Court and made retroactively
                    applicable to cases on collateral review; or

            (D)      the date on which the factual predicate of the claim or claims presented could have been
                    discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Substain my application for appointment of counsel,grant an evidentiary
hearing and reverse and remand for a new trial.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    *12-16-22*    (month, date, year).

Executed (signed) on    *12-16-22*    (date).

*John W. Dalton Jr.*
_____
Signature of Petitioner        Pro Se

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

AO 241
(Rev. 06/13)

Page 1

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $_____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State  Zip Code**

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

John W. Dalton Jr
P.O. Box 900
Tecumseh, Ne. 68450



**RECEIVED**

DEC 23 2022

CLERK
U.S. DISTRICT COURT
LINCOLN

U.S. District Court
Clerks Office Lincoln
Robert V. Denney Federal Bldg. &
U.S. Courthouse
100 Centenniol Mall North #593
Lincoln, NE. 68508

