FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2023 FEB 27 PM 1:59
OFFICE OF THE CLERK

In The United States District Court

For The District Of Nebraska

JOHN W. DALTON JR.

PETITIONER

V.

4:22cv3269

CRAIG GABLE T.S.C.I. WARDEN

RESPONDENT

Brief in Support

Petition For WRIT OF HABEAS CORPUS

PREPARED AND SUMITTED BY:

JOHN W. DALTON JR.
P.O.BOX 900
TECUMSEH,NEBRASKA 68450

RECEIVED
FEB 27 2023
CLERK
U.S. DISTRICT COURT

## TABLE OF CONTENTS

TABLE OF CONTENTS ..... . . . . . . . . . . . . . . . I

Table of Authorities .. . . . . . . . . . . . . . . . II

Statement of Jurisdiction . . . . . . . . . . . . . . 1

Statement of the case and the facts . . . . . . . . . 1-8

Argument . . . . . . . . . . . . . . 9-17

CLAIM 1 . . . . . . . . . . . . . . 9-13

Douglas County Public Defender Attorney Cindy Tate,violated the Petitioners right to Effective Assistance of Counsel Protected by the sixth and Fourteenth Amendment of the Constitution of the United States.

CLAIM 2 . . . . . . . . . . . . . . . . . 14-17

Postconviction Appointed Attorney Jerry M. Hug by Judge Retelsdorf Denied the Petitioner his right to Effective Assistance of Counsel Protected by the sixth and Fourteenth Amendment of the Constitution of the United States.

Conclusion and Relief Sought. . . . . . . . . . . . . . . . .18

Certificate of Service . . . . . . . . . . . . . .19

# TABLE OF AUTHORITES

## STATE CASES CITED;

1.State v. Allen, 301 Neb. 560,572,919 N.W. 2d 500,511 (2018)...11,12,15,17

2.State v. Alvarado,27 Neb. App. 334,348-49 (CT.App. 2019)..........12

3.State v. Barnes,272 Neb. 749,724 N.W. 2d 807 (2006). . . . .10,13,15,17

4.State v. Haynes,299 Neb. 249,908 N.W. 2d 40 (2018) . . . .10,13,15,17

5.State v. Johnson,4 Neb. App. 776,551 N.W. 2d 742 (1996) . . .11,15,17

6.State v. Lytle, 244 Neb. 486,398 N.W. 2d 705 (1987). . . .10,13,15,17

7.State v. Silvers,255 Neb. 702,587 N.W. 2d 325 (1998). . . . .10

## FEDERAL CASES CITED;

1.Drope v. Missouri,420 U.S. 162,95 S.CT. 896,43 LED. 2d 103 (1975). .11,13

2.Griffin v. Lockhart,935 F. 2d 926,930 (8th Cir. 1991). . . . . .13

3.Hull v. Freeman,932 F. 2d 159 (3d Cir. 1991) . . . . . . . . .11

4.Pate v. Robinson,383 U.S. 375,86 S. CT. 836, LED. 2d 815 (1966). .11,13

5.United States v. Cronic,466 U.S. 648,659 (1984) . . . . . . . .12

6.Strickland v. Washington,466 U.S. 668,687 104 S.CT. 2052,2064 (1984). . . . . . . . . . . . . . . . . . . . .11,12,15,17

## NEBRASKA REVISED STATUES CITED;

1. Neb. Rev. Stat.§ 29-3001 (Reissue 2014). . . . . . . . 9,13,17

2. Neb. Rev. Stat.§ 2-109 (a) (1) (a). . . . . . . . . . .1

3. 28 U.S.C. § 2254 . . . . . . . . . . . . . . . . .1

## UNITED STATES CONSTITUTION LAW CITED

1. U.S.C.A. Constitution Amendment 5 . . . . . . . . . 3

2. U.S.C.A. Constitution Amendment 6 . . . 3,4,7,9,11,12,13,14,16,17

3. U.S.C.A. Constitution Amendment 14 . . . 3,4,7,9,11,12,13,14,16,17

## STATEMENT OF JURISDICTION

This is an original action under 28 U.S.C.§ 2254. This court has original jurisdiction pursuant to 28 U.S.C.§2254 (b) (1). This Petition for a Writ Of Habeas Corpus is in response from the denial of the defendants Petition for Further Review by the Nebraska Supreme Court in which the defendant sought relief from his conviction showing that his constitutional rights were violated during the state's prosecution of the defendants case and during the postconviction relief process as well. Defendant filed notice of Appeal on 4-04-2022. Defendant's brief was submitted on 5-25-2022 pursuant to Neb.Rev.Stat.§ 2-109 (a) (1) (a). Nebraska Court of Appeals Denied the defendant's brief on June 29,2022. Defendant then filed a Petition For Further Review on July 25,2022. Nebraska Supreme Court denied defendant's Petition For Futher Review on July 27,2022. A petition for a Writ Of Habeas Corpus is the proper means for John W. Dalton Jr,Petitioner to raise the claims presented herein.

## STATEMENT OF THE CASE AND THE FACTS

On December 27,2017 Information and charges were filed charging the petitioner with three (3) counts of first degree murder,three(3) counts of use of a deadly weapon to commit a felony and one (1) count of possession of a firearm.Petitioner was assigned Public Defender Cindy Tate. Attorney Cindy Tate perswaded petitioner to sign a Waiver of Appearance/ Plea of not Guilty paper "EXHIDIT 1. Petitioner read alittle bit of the paper and told Cindy Tate ,what is this,i want to go to my preliminary

hearing. Petitioner told Attorney Cindy Tate, he was not signing no paper for Waiver of Appearance. Cindy Tate told the Retitioner that the Waiver of Appearance /Plea of not Guilty paper was the only one she had its miss typedbut she needed the petitioner to sign it any way.

On 1-31-2018 at the preliminary hearing was held during the proceeding Cindy Tate had the petitioner sit away from her between another Public Defender female were petitioner could not talk to Cindy Tate.during preliminary hearing Cindy Tate lyed to the petitioner and played me in court and Cindy made sure the petitioner could not give advice or speak in court. This was ineffective assistance of counsel act that Cindy Tate commited.Cindy Tate made sure the petitioner could not speak or give advice to counsel on what to say. Cindy Tate new the petitioner did not know the law or petitioner's rights. On 6-27-18 a court hearing was held petitioner complained about not being able to see or get any legal papers from Attorney Cindy Tate on Petitioners case. Judge Leigh Ann Retelsdorf told Petitioner that Public Defenders don't have to give you copies of your case so you can see what evidence Nebraska State Douglas County prosecutor has against the petitioner. Public Defender Thomas Riley talked against me seeing or getting any of my legal papers to my case and defended Cindy Tate against me.This was ineffective counseling acts. NO legal attorny does this type of acts. Frusterated Petitioner shut's down in the court room, in disbelief that the Judge Retelsdorf and Public Defender Cindy tate and Public Defender Thomas Riley all working against the petitioner for the Douglas County prosecuter Brenda Beadle to help her get a conviction. The public defender actions in court showed that they were ineffective

assistance of counsel in violation of the Petitioners due pross of the (5th) fifth,(6th) sixth, and (14th) fourteenth amendment to the United States Constitution. A month later Cindy Tate showed the petitioner a little bit of evidence that the Douglascounty prosecuter is triing to use against me in this case. Cindy Tate shows me three videos of my daughters talking hatefull against me.My daughters were programed to hate me by my parents mainly my mother Jean Dalton.Cindy Tate told the Petitioner that the prosecuter would use my daughters videos in trail against me and get the petitioner convicted of the death penalty even though they were not there on the scene of the incident. Cindy Tate used those 3 videos as a scare tactic on the Petitioner. Cindy Tate new i didn't know my rights or legal options and Cindy never showed me all the evidence that the Douglas County prosecuter was triing to use to convict the petitioner. Cindy Tate came to the county jail 4 or 5 more times triin to get the petitioner to plea out to the same original charges or the petitioner would loose in trail and get the death penalty. Cindy Tate also wanted the petitioner to plead out to possession of a weapon,even though there was no weapon in the petitioners possesion or found on the scene.Frusterated and confused and couldn't think think strait on "December 10,2018" petitioner plead out to the original charges in the case because of ineffective assistance of counsel Attorny Cindy Tate lied to petitioner and violated my (6th)sixth and (14th)fourteenth amendment of the UNited States Constitution rights.

On April 8,2019 Petitioner filed a "Verified Motion to vacate and set aside convictions" and a "Motion for Appointment of Counsel.

On May 20,2019 Judge Retelsdorf sent out a court order.(1)Granted Evidentiary Hearing. (2) Oppointed Jerry M. Hug as Defendant's counsel. (3) Ordered All Testimony would be done by Deposition. Judge Retelsdorf had devided my "Motion to vacate and set aside convictions" into 2 parts. One "ineffective assistance of counsel on Cindy Tate and incompetant Petitioner as such , his waiver of a conflict of interest was not made intelligently, voluntarily, and knowingly. Petitioner was not shown all the evidence of the case and counsel did not tell Petitioner all the plea options of this case that was available to the petitioner. Cindy Tate violated petitioners 6th and 14th )fourteenth amendment of the united states constition rights.

On May 20,2019 Douglas County Attorney Katie Benson filed a response to petitioners "Motion to vacate and set aside convictions".

On July 22, 2019 A deposition was done petitioner at Nebraska State Pen. By Douglas County Katie Benson and Att. Jerry M. Hug in a room. Jerry M. Hug set back and said nothing . He allowed Katie Benson to question the petitioner and try and dog out the petitioner the best she could.Petitioner looked back at the Att.Jerry M.Hug for him to say something at the act and questioning way Katie Benson was coming at the petitioner. Petitioner realized Jerry HUg was working with Katie Benson .THis was the first act that was showing me that Attorney Jerry M. Hug was showing signs of ineffective assistance of counsel.

On September 12, 2019 Judge Retelsdorf,held a hearing on proceedings and Attorney Jerry M.Hug. Attorney Jerry M.hug did not argue my case like i wanted him to.

On November 18,2019  Judge Retelsdorf ruled on my case and made an
Order Denying my  "Motion to vacate and set aside convictions" in part on
the ineffective assistance of counsel on Public Defender Cindy Tate.

On  December 19,2019 Attorney Jerru M.Hug Appealed the decision on
my behalf.to Nebraska Court of Appeals.

On March 9, 2020 Attorney Jerry M.Hug , Filed Brief to Nebraska
Supreme Court on Case NO; S-19-1192.

On May 8,2020  Attorney General Douglas J. Peterson filed a brief
to Nebraska Supreme Court in response to petitioners brief.

On September 2,2020  Submission to court or hearing in court was done.

On October 9,2020 Disposition affirmed in pert,and in pert vacated and
remanded for further proceedings.was done by Judge Freudenberg. JUstice.

It was Mandated / closed October 23,2020.

On January 14,2021  Douglas County Attorney Katie Benson,Filed a motion
to address the remaining claims of the petitioners "Motion to vacate and set
aside convictions"

On February 1, 2021  Judge Retelsdorf  held a hearing on the rest of the
Petitioners claims of competency with Douglas County Attorney Katie Benson
and Attorney Jerry M. Hug on my behalf. They had a bogus hearing to dismis
petitioners claims.Attorney Jerry M.Hug never argued my claims.Jerry never
let me know that there was a hearing.or anything .I had been calling his phone #
and E-mailing him ,he never responed for months..I never even new they were
having a hearing. Att.Jerry was ineffective assistance of counsel performing.
On February 10,2021 Judge Retelsdorf ruled & denied the rest of my claims.

Frusterated Petitioner shut's down feeling depressed on how dirty this Douglas County Court System is. Petitioner stopped for awhile and with help of other inmates started back on this legal fight again.

On December 14,2021 Petitioner mailed out to Douglas County Clerk.

1."Second or successive verified motion for postconviction relief"

2."Motion for full complete Discovery", Because i still don't have my legal papers to my case,so i can see what evidence the state even has if any really.

3."Motion for leave to proceed informa pauperis"

4."Affidavit & Application to proceed in forma pauperis"

5." 6 month statement of inmate account"

ON December 30,2021 Judge Retelsdorf made court order to

1.POSTCONVICTION relief filed on 12-30-2021

2. Judge order Douglas county response in 90 days.

3.Order granted for "In forma pauperis" Dated January 4,2022.

Judge never addressed my other motions for my discovery.

On January 10 2022 Petitioner mailed in motioms to Appoint counsel,Motion for full complete discovery,and Motion to amend postconviction.

ON January 10,2022 Judge Retelsdorf court ordered a denied on my "motion to appoint counsel",denied motion for full discovery,and granted "motion to amend postconviction relief and gives petitioner 30 days to Amend final post. JUdge said prior motionfor postconviction filed will not be considered.

On January 10,2022 mailed out to douglas county clerk a "Show Cause Motion for a competency hearing" Judge never responded to this motion.

On January 15,2022 mailed out to douglas county clerk a"Show cause motion for Extention of time" to perfeot my postconviction relief,Judge Retelsdorf never responded to this at all.

On January 16,2022 Mailed out to douglas county clerk a "Show Cause motion for my Motion for Discovery". Judge Retelsdorf never responded to this either.

On January 16,2022 Petitioner sent letter to the Clerk of the Nebraska Court of Appeals Complaining about Attorney Jerry M.Hug not communicating with me ahd not giving me all the breif and papers he's done on my case.

On January 20,2022 I got a response back from the clerk of the Nebraska Court of Appeals. They made Att. Jerry send me a packet of All the legal papers he had done. Attorney Jerry M. Hug showed that he was working with Attorney Katie Benson and Judge Retelsdorf on railroading the petitioner on my case. Attorney Jerry M.Hug was showing how ineffective assistance of counsel he was Petitioner just can't get no fair counsel that is not selling you out in Douglas County. Petitioners Sixth and Fourteenth amendment to the United States Constitution was violated.

On February 7,2022 Petitioner filed in court with Judge Retelsdorf a final Postconviction Relief.

On March 21,2022 Douglas County Attorney Katie Benson filed a response brief. On March 22,2022 Judge Retelsdorf ruled on my POSTCONVICTION RELIEF and denied it. Petitioner gotthis in the mail on March 28,2022.

On March 25,2022 Petitioner mailed out a brief in response to Attorney Katie Benson's Brief. Judge Retelsdorf is suppose to give the petitioner at least 10 days to respond to the states Attorney's brief before she makes a ruling. Petitioners United States Constitutional rights have been violated from the beginning of this case all the way up to now. Petitioner has not gotten to have his Discovery paper work of this case and have not gotten to see the evidence of this case. What fair Attorney behaves like that and is not showing that they are not ineffective assistance of counsel.

On April 4,2022 Petitioner filed Notice of Appeal with Nebraska Court of Appeals.

On May 31,2022 Petitioner's brief was filed in Nebraska Court of Appeals.

On June 10,2022 The Nebraska State Attorney Erin E. Tangeman filed a response brief to counter mine.

On June 23, 2022 Petitioner filed a response brief to Nebraska State Attorney Erin E. Tangemans brief,

On June 29,2022 Nebraska Court of Appeals ruled and Denied petitioners brief. On July 25,2022 Petitioner filed a Petition for Futher Review to the Nebraska Supreme Court.

On JUly 27,2022 Nebraska Supreme Court denied my brief for Petition for Further Review. Petitioner is hoping for some justice on the federal level, a chance to overturn this hole conviction so petitioner can fight this case again with some fair counsel or go home and leave this State. A petition for a Writ of Habeas Corpus is the proper means for the Petitioner to raise the claims presented herein.

Argument

CLAIM 1

Petitioner was Denied his right to Effective Assistance of counsel Protected by the sixth and Fourteenth Amendment of the Constitution of the United States.

(1) Public Defender Attorney Cindy Tate in Petitioners case did nothing but lie,scam, and play a foul game through out my whole case. Petitioners preliminary hearing was coming up.Attorney Cindy Tate came to the county jail to visit the petitioner with papers to sign. Cindy Tate told the petitioner she had some legal papers for me to sign. Petitioner read one of the papers and said what is this ,i want to go to my preliminary hearing. The paper was titled with "Waiver of Appearance/ Plea of not Guilty. Attorney Cindy Tate told me that it was a miss typed and that was the only paper that she had so she could not change it. Cindy said she needed me to sign it any way. On January 31,2018 at the preliminary hearing was held during the proceeding Cindy Tate had the petitioner sit away from her between another Public Defender Female were petitioner could not talk to cindy Tate during the preliminary hearing.Cindy told the petitioner if i did not sit here i would be moved out of the court room.Cindy Tate lyed to the petitioner and played me in court and Cindy made sure the petitioner could not give advice or speak in court. Cindy Tate lyed to the petitioner about legal papers to get me to sign them violates the client's sixth amendment of the United States Constitutional right to effective assistance of counsel. Attorney Cindy Tate new petitioner did not know the law or petitioners rights. Neb.Rev.Stat.§29-3001 (reissue 2014) relief is available in those cases where a miscarriage of justice may have occerred to

correct prejudicial constitutional violations. State v. Haynes,299 Neb. 249,908
N.W. 2d 40 (2018); State v. Barnes,272 Neb. 749,724 N.W. 2d 807(2006); State v.
Lytle,244 Neb. 486,398 N.W. 2d 705 (1987); State v. Silvers,255 Neb. 702,587
N.W. 2d 325 (1998). Petitioner had been asking counsel Cindy Tate, if she had
the legal papers to my case that the Douglas County prosecutor is useing against
me yet. Att. Cindy Tate kept on telling the petitioner that she has not received
any papers from the prosecutor for months. Frusterated & stressed out the
petitioner starts to ask other inmates what to do if you think your counsel is
not telling you the truth. They showed me how to right out a legal paper to the
judge and complain about counsel and my papers to the case, Exhibits 2 & 3.
(2) On June 27,2018 a court hearing was held on petitioners complaint about not
being able to see or get any legal papers from counsel counsel Cindy Tate and is
she working for the prosecutor and not the petitioner. Public Defender Thomas
Riley spoke for counsel cindy in the courtroom the whole time,cindy never spoke.
THomas Riley talked against me seeing the police reports and getting any of my
legal papers to my case that the prosecutor is useing. THomas Riley was mad
because i wrote and complained to the court,but what was i supposed to do.
Counsel Cindy Tate was lying to me and i called Thomas Riley's office for like
two months and he would never take my call. Judge Retelsdorf told the petitioner
that public defenders don't have to give you copies of your case so you can see
what evidence the prosecutor has or is useing against the petitioner. What i
learned from this court hearing was that counsel Cindy Tate did have my legal
papers to my case and was lying to me the whole time. Frusterated Petitioner
shuts down in the court room, in disbelief that the Judge Retelsdorf and

Public Defenders Cindy Tate & Thomas Riley all working against the petitioner for the Douglas County prosecuter Brenda Beadle to help her get a conviction against me. The public defenders actions in court showed that they were both ineffective assistance of counsel in violation if the Petitioners due process of the sixth and fourteenth amendment to the United States Constitution. " To show ineffective assistance of counsel, a defendant must show that the counsel's performance was deficient and prejudiced the defense". Strickland v. Washington, 466 U.S. 668,687,104 S.CT. 2052,2064 (1984); State v. Allen ,301 Neb.560,572,919 N.W. 2d 500,511 (2018); State v. Johnson, 4 Neb. App. 776,551 N.W. 2d 742 (1996); Drope v. Missouri, 420 U.S. 162,99 S.CT. 896,43 LED, 2d 103 (1975); Pate v. Robinson, 383 U.S. 375,86 S.CT. 836,LED. 2d 815 (1966); Hull v. Freeman, 932 F. 2d 159 (3d Cir. 1991).

(3) When it came to Att. Cindy Tate showing me the evidence that the prosecutor is triing to use on me.Public Defender Thomas Riley told me there going to start to let me view the evidence. Counsel Cindy Tate sends a some Public Defender guy to show me 3 videos of my daughters talking hatefull against me. My daughters were programed to hate me by my parents,mainly my mother. Att. Cindy Tate told the petitioner that the prosecutor would use my daughters videos in trial against me and get the petitioner convicted of the death penalty even though they were not there on the scene of the incident. Counsel was also telling me i had to plea out to possesion of a weapon even though there was no weapon found on me. Counsel Cindy Tate new i didn't know my rights or legal options and Cindy never showed me all the evidence that the prosecutor was triing to use to convict me with. Everytime i asked questions

Att. Cindy acted like she was irritated with me. Att. Cindy Tate came to the county jail 4 or 5 more times try in to get the petitioner to plea out to the same originnal charges or the petitioner would lose in trial and get the death penalty. Frusterated and confused and couldn't think strait om "December 10,2018" petitioner plead out to the original charges in the case because of ineffective assistance of counsel Attorney Cindy Tate lied to me and violated my sixth and fourteenth amendment of the United States Constitution rights.

The deficient performance of counsel prejudices the defense when a defendant is able to show a reasonable probability that the result of the trial would have been different but for the deficient performance of counsel. Allen 301 NEB. at 572,919 N.W. d. 2d at 511. Counsel's performance is deficient if it did not equal that of a lawyer with ordinary traiming and skill in criminal law. Allen, 301 Neb. 560,572,919 N,W. 2d at 511. When trial counsel Fails to subject the prosecution,s case to a meaningful adversarial testing then there has been a denial of sixth Amendment rights that makes the adversary process itself presumptively unreliable "United States v. Cronic,466 U.S. 648,659 (1984); State v. Alvarado, 27 Neb. App. 334,348-49 (CT. App. 2019). To show ineffective assistance of counsel a defendant must show that the counsel's performance was deficient and prejudiced the defense. "Strickland v. Washington, 466 U.S. 688, 687, 104 S.CT. 2052,2064 (1984); State v. Allen, 301 Neb. 560,572,919 N.W. 2d 500,511 (2018). Petitioner was not shown all the evidence of the case and counsel did not tell petitioner all the plea options of this case that was available to him.Att. Cindy Tate violated petitioner sixth & fourteenth amendment of the United States Constition as such,his waiver of a conflict of

interest was not made intelligently, voluntarily, and knowingly. Also Public Defender Attorney Cindy Tate never had a Mental Health Evaluation done on the Petitioner through out this case. In such a case any fair Attorney would of had an Mental Health Evaluation done on their client. Attorney Cindy Tate never sat down with the Petitioner and showed & talked to the Petitioner about what evidence the state attorney is triing to use against you. In Neb.Rev.Stat.§ 29-3001 (reissue 2014) relief is available in those cases where a miscarriage of justice may have occerred to correct prejudicial constitutional violations like in (State v. Haynes,299 Neb.249,908 N.W. 2d 40 (2018);(State v. Barnes,272 Neb. 749,724 N.W. 2d 807 (2006); (State v. Lytle, 244 Neb. 486,398 N.W. 2d 705 (1987). The court in Griffin was quick to point out that the presumption does not apply if the accused did not receive a full, fair,and adequate hearing or was other wise denied due process of law, in case (Griffin v. Lockhart, 935 F. 2d 926,930 (8th Cir. 1991). The conviction of a mentally incompetent accused is a violation of substantive due process. The due process requires that a hearing be held whenever there is evidence that raises a sufficient doubt about the mental competency of a accused to stand trial. (Drope v. Missouri,420 U.S. 162,95 S. CT. 896,43 L.ED 103 (1975);(Pate v. Robinson,383 U.S. 375,86 S.CT. 836,15 L.ED 2d 815 (1966). Attorney Cindy Tate action on my case showed that she was ineffective assistance of counsel in violation of the petitioners due process of my rights of the sixth and fourteenth amendment to the United States Constitution.Att. Cindy Tate's performance was deficient and prejudiced the Petitioner.

## Argument

CLAIM 2

Petitioner was denied his right to Effective Assistance of counsel protected by the sixth and fourteenth Amendment of the Constitution of the United States.

(1) Counsel Jerry M. Hug was appointed by judge Retelsdorf for the petitioners "Motion to vacate and set aside convictions" filed on April 8,2019. On July 22,2019 during the deposition that was done on the petitioner at Nebraska State Penitentiary by Douglas County Attorney Katie Benson. Att. Jerry M. Hug sat back & said nothing and allowed County Att. Katie Benson to question the petitioner and try to dog out the petitioner the best she could. Petitioner looks back at Att. Jerry M.Hug for him to say something at the act and questioning way Att. Katie Benson was coming at the petitioner. Att. Jerry M. Hug just smerks and puts his head down. Petitioner asked Att. Jerry M. Hug " How did he get here to Nebraska State Penitentiary, He said he road in the same car with County Att. Katie Benson and there FRiends." Petitioner heard this come right out of Att. Jerry's mouth. ThIS got to be some kind of conflict of intrest. How can the petitioner expect my counsel Jerry M, Hug to object any thing that County Att. Katie Benson says when Att. Jerry M. Hug is so buddy buddy acting with her. This was the first act that was showing me that Att. Jerry M. Hug was showing signs of ineffective assistance of counsel.

To show ineffective assistance of counsel,a defendant must show that the counsel performance was deficient and prejudiced the defense. Strickland v.

Washington,466 U.S. 668,687,104 S. CT. 2052,2064 (1984); State v.Johnson,4 Neb. App. 776,551 N.W. 2d 742 (1996); State v. Allen, 301 Neb. 560,572,919 N.W. 2d 500,511 (2018); Section 29-3001 Relief is available in those cases where a miscarriage of justice may have occerred to correct prejudicial Constitutional violations. State v. Haynes, 299 Neb.249,908 N.W. 2d 40 (2018); State v. Barnes, 272 Neb. 749,724 N,W. 2d 807 (2006); State v. Lytle, 244 Neb. 486,398 N.W. 2d (1987).

(2) When counsel Jerry M. Hug was appointed to be my counsel, Petitioner also tried to get counsel Jerry M.Hug to also argue the rest of my claims in my "Motion to vacate and set aside convictions". Att. Jerry M.Hug never made a motion or brief or any type of effert in the begining of my case to getall of my claims argued in the begining of my appeal. Att. Jerry M.Hug allowed the judge Retelsdorf to seperate my claims to make sure she was going to beat and barry my claims. Judge Retelsdorf had chosen counsel Jerry M.Hug to represent me because she new Att. Jerry M.Hug was going to go along with what she wanted him to do sell the petitioner out for her and the county Att. Katie Benson in the courtroom.Before the September 12,2019 hearing and on December 19,2019 the appeal he filed Att. Jerry M.Hug never communicated with the petitioner to get my advise on what to say or anything. Att. Jerry M.HUg did the barely minimum on my case and no real argueing my case to win or get it overturned.He was working for his friends the judge and county att, Katie Benson.Those are the facts of this case. ON September 2,2020 for this hearing i was not able to talk to Att. Jerry M.Hug nor did i know there was a hearing. All this stuff Att. Jerry M.Hug was doing was ineffective assistance of counsel.

On February 1,2021 Judge Retelsdorf held a hearing on the rest of the petitioners claims of competency on my "Motion to vacate and set aside convictions ". Attorney Jerry M.Hug never put up a real arguement on my competency claim or even mentioned it in the court room. Counsel Jerry M. Hug just played along with Judge Retelsdorf and Douglas County Attorney Katie Benson while they were both working together to sweep my claims of competency under a rug like its nothing in courtroom. None of them mentioned competency in the courtroom one time.Judge Retesdorf and Katie Benson and Counsel Jerry M.Hug all new the petitioner could not comprehend on his rights and what counsel is telling me,and when i'm being lied to by counsel. On December 10,2018 on my sentenceing Judge Retelsdorf,County Att. Brenda Beadle, and The Public Defenders Cindy Tate were all huddled up at the Judges desk talking on how Counsel Cindy Tate lied to and swindled the petitioner to plea out to the same charges and lets hurry up and get him sentenced before he realized counsel Cindy Tate was playing him,'the petitioner'. Counsel Jerry M.Hug and Public Defender Att. Cindy Tate both violated the petitioners (6th)sixth & (14th) fourteenth amendment rights of the United States Constitution and they both showed how ineffective assistance of counsel they both were. Back to the February 1,2021 hearing that was a scam. Petitioner was not allowed to go to any hearing being in Tecumseh State Prison. Petitioner continued to Email counsel Jerry M.Hug for a couple of months.He never responed and continued to show ineffective assistance of counsel behavior. Since i couldn't get any response out of counsel Jerry M.Hug for months,i wrote the Clerk of the Nebraska Court of Appeals." Exhibit 4". I told them i needed

all briefs Att. Jerry M.Hug filed and everything else he had done on my case please because he is nolonger my attorney. Counsel Jerry M.Hug was so buddy buddy with Douglas County Att. Katie Benson and Judge Retelsdorf which was a conflict of interest and Counsel Jerry never fought for acompetency hearing or my ineffective assistance of counsel on Att. Cindy Tate. Counsel Jerry showed ineffective assistance of counsel all through my appeal case. Counsel Jerry M.Hug violated the petitioners sixth & fourteenth amendment rights of the United States Constitution. Judge Retelsdorf new both Attorney's were guilty of ineffective assistance of counsel and she choose Attorney Jerry M.Hug for my appeal because she new he would do what she wanted on my case and make sure my conviction does not get overturned. Douglas County Attorney Katie Benson new her buddy Att. Jerry M.Hug was going to work with her and help keep the conviction on the petitioner even though they all new that Att. Cindy Tate and the Public DefenderOffice clearly did a foul job on my case and clearly showed ineffective assistance of counsel and violated my sixth & fourteenth amendment rights of the United States Constitution. To show ineffective assistance of counsel, a defendant must show that the counsel's performance was deficient and prejudiced the defense. Strickland v. Washington,466 U.S. 668,687,104 S. CT. 2052,2064 (1984); State v. Allen, 301 Neb. 560,572,919 N.W. 2d 500,511 (2018); State v.Johnson,4 Neb. App.776,551 N.W. 2d 742 (1996); Section 29-3001 Relief is available in those cases where a miscarriage of justice may have occerred to correct prejudicial Constitutional violations. State v. Barnes, 272 Neb. 749,724 N.W. 2d 807 (2006); State v. Haynes,299 Neb. 249,908 N.W. 2d 40 (2018); State v. Lytle, 244 Neb. 486,398 N.W. 2d (1987).

## Conclusion and Relief Sought

Petitioner hopes that the honerable Judge Joseph F. Bataillon see's within this brief the injustice and the constitutional violation of the Petitioner's rights. Petitioner is hopeing that the honerable judge Bataillon see's that Public Defender Attorney Cindy Tate,lied and deceived the Petitioner through out my case and showed ineffective assistance of counsel from the beginning to the end of my case Petitioner is hopeing that the honerable judge Bataillon see's that Appointed Apeal/postconviction Attorney Jerry M. Hug who had deceived the Petitioner and was working with the County Attorney Katie Benson on keeping the conviction on the petitioner.Attorney Jerry M. Hug never listened to the Petitioner on what to say or argue on my case.Att. Jerry Hug deceived and egnored the petitioner's e-mails on what's going on my case and what to say on the briefs he's doing.Att. Jerry Hug showed ineffective assistance of counsel and violated my constitutional rights and i'm hoping that you see this judge Bataillon.

Petitioner moves that he be afforded a new trial, a new direct appeal or for such relief as this court may deem proper.

RESPECTFULLY SUBMITTED

John W. Dalton Jr.

John W. Dalton Jr.
2725 N. HWY 50
P.O.BOX 900
TECUMSEH,NE. 68450

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Petition for WRIT OF HABEAS CORPUS has been furnished by United States mail,first class postage prepaid to U.S. District Court Clerk Denise M. Lucks ROMAN L. Hruska U.S. Courthouse 111 S. 18th PLZ. #1152 Omaha Ne. 68102, Douglas J. Peterson room 2115, State Capitol, P.O.BOX 98920 Lincoln, Nebraska 68509-8920.

DATED 2-17-23

RESPECTFULLY SUBMITTED

John W. Dalton Jr.

JOHN W. DALTON JR.
P.O.BOX 900
TECUMSEH,NEBRASKA 68450

Exhibit 1

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

STATE OF NEBRASKA, Plaintiff,

vs

John W Dalton, Jr., Defendant,

CR 18-394

WAIVER OF APPEARANCE/ PLEA OF NOT GUILTY

Pursuant to Neb. Rev. Stat. § 29-4206, I, Defendant in the above-entitled matter, waive my right to physically appear for arraignment in Douglas County District Court and ask the Court to enter a plea of not guilty on my behalf. I understand my attorney will notify me of all appearances in this matter. I waive my right to 24-hour service of the information prior to entering a plea and the formal reading of the information. I consent to service of the information upon my attorney of record. I request the Court grant my motion for discovery and enter an order for mutual and reciprocal discovery.

My attorney has advised me of my rights: The right to a jury trial; my right to confront accusers; to subpoena witnesses; to remain silent; to counsel; to have this matter transferred to juvenile court, if appropriate; and my right to be presumed innocent unless proven guilty beyond reasonable doubt. My attorney has also advised me of the possible penalties for the crime(s) charged, and the possibility that I will be required to make restitution for damages, if appropriate.

Date 1/31/2018 Defendant's signature John Dalton Jr. *

**APPEARANCE OF COUNSEL**

I, Cindy Tate, advise the Court that I am the Attorney for the above-entitled Defendant. I have advised my client of all rights and the possible penalties for the charge(s) filed against him or her. I understand that the Court will expect me to represent the Defendant at all hearings before the Court in this matter.

Date 1/31/2018 [signature] 22571
(Attorney's signature and Attorney Number)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this waiver was served upon the Douglas County Attorney's Office, 100 Hall of Justice, Omaha, NE 68183 this 31 day of January, 2018.

[signature] 22571
Attorney for Defendant

White-Court
Yellow-State
Pink-Defense

#44 FILED IN DISTRICT COURT DOUGLAS COUNTY NEBRASKA
FEB 01 2018
JOHN M. FRIEND CLERK DISTRICT COURT

Adopted 11-17-2015

001629073D01

Exhibit α

In THe District Court of DougLas County, Nebraska

State of Nebraska
PLaintiff
vs
John DaLton Jr.
Defendent

CR 18-394

Letter to the Judge Retelsdorf

I have a complaint about Public Defender THomas C. RiLey + Cindy Tate assistant Public Defender. THomas RiLey has not Come & seen me since i have been in DougLas County. He never answer my calls or respondes to my messeges at all. He is not triing to help me on this case at all. Cindy Tate is not triing to help me on this case either, Cindy is deceptive on any question i have or has an bad attitude like she not triing to Let me know anything about my case. I've been asking for my LegaL papers to my case. THese two Public Defender are working for the prosecutor Brenda BeadLe. THey are triing to caiLroad me on my case. I need new counciL, an appointed attorney not PubLic defenders working against me. I have a right to have fair counciL not PubLic Defenders selling me out.

Exhibit 3

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing Letter to the Judge was sent to the clerk of the District Court, 1701 Farnam st, Omaha, NE, 68183, through regular United states Mail, postage prepaid, on this 4 day of June

John Dalton Jr
710 S 17th St,
Omaha, NE, 68102

John Dalton Jr.

6-4-2018 Lisa K. Martin

GENERAL NOTARY - State of Nebraska
LISA K MARTIN
My Comm. Exp. August 6, 2019

Exhibit 4

COPY

Dated January 16 2022

RECEIVED
JAN 20 2022
CLERK
NEBRASKA SUPREME COURT
COURT OF APPEALS

John W Dalton
P.O. Box 900
Tecumseh, Ne. 68450

Clerk of the Nebraska Court of Appeals

Dear Clerk

I would Like to have a copy of Everything Filed in my case No:S 19-1192 and the opinions and orders that correspons with this case. I will pay if necassary. But I was granted Informa Pauper's Order on January 4, 2022 by Judge Retelsdorf. On January 10, 2022 Judge Retelsdorf Order me 30 days to refile a Amended Post Conviction and I need these Documents to perfect my Appeal. I need all briefs Att. Jerry M. Hug filed and every thing else please. Att. Jerry M Hug does not represent me anymore & I can not contact him. I have 30 days so can you please send me every thing you got.

Thank you

Dated 1-16-2022 Respect fully Submitted

John W. Dalton

John W Dalton
P.O. Box 900
Tecumseh, NE. 68450

John W. Dalton Jr. #88763
P.O. Box 900
Tecumseh, NE. 68450

FEB 22 2023

quadient
CORRECTION
IMI
$000.04
02/22/2023 ZIP 68450
043M31235529
US POSTAGE

U.S. District Court
U.S. District Court Clerk
Denise M. Lucks
Roman L. Hruska U.S. Courthouse
111 S. 18th PLz. #1152
Omaha NE. 68102

RECEIVED
FEB 27 2023
CLERK
U.S. DISTRICT COURT

OMAHA P&DC 680

