IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN W. DALTON JR.,

          Petitioner,

vs.

CRAIG GABLE, T.S.C.I Warden;

          Respondent.

4:22CV3269

MEMORANDUM AND ORDER

This matter is before the Court on preliminary review of Petitioner John W. Dalton Jr.'s Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and filed in this court on December 23, 2022. Filing No. 1. Also before the Court are Petitioner's motion to appoint counsel, Filing No. 3, and a motion for discovery, Filing No. 9. As set forth below, Petitioner's claims, when liberally construed, are potentially cognizable in federal Court. However, both Petitioner's motions to appoint counsel and for discovery shall be denied.

**I. Initial Review**

The purpose of a preliminary review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal Court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One:      Petitioner was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments

|  |  |
|---|---|
|  | because trial counsel: (a) failed to file a direct appeal after sentencing; (b) lied to Petitioner about the evidence in his case; (c) persuaded Petitioner to accept a plea to the same charges; and (d) failed to order an evaluation of Petitioner's competency. |
| Claim Two: | Petitioner was denied his rights to effective assistance of counsel under the Sixth and Fourteenth Amendment because postconviction counsel: (a) failed to raise arguments desired by Petitioner; (b) had a conflict of interest between his representation of Petitioner and his relationship with the judge and county attorney; (c) failed to meet with or communicate with Petitioner about case strategy or the status of his case; and (d) failed to order a competency evaluation of Petitioner. |

Filing No. 1 at 5, 11.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal Court.[1] However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

---

[1] The Court notes that Petitioner submits that he did not file a direct appeal and that he believes his Petition is untimely and seeks relief under the doctrine of equitable tolling. Filing No. 1 at 20. Without the benefit of the full procedural record, the Court shall not undertake such a determination at this time.

2

## II. Appoint Counsel

Petitioner seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel, he cannot perform the required investigative work to pursue his claims due to his incarcerated status including gaining access to "sensitive information contained in DNA, Mental Health records and Fingerprint Evidence chain of commands." Filing No. 3 at 1.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

## III. Discovery

Petitioner requests discovery of court transcripts, briefs, and documents in his underlying criminal court case. Filing No. 9. Many of the documents requested are documents that the respondent must provide with the answer. *See* Rule 5(c),(d) of the

3

Rules Governing § 2254 Cases. Hence, Petitioner's motion for discovery is denied as premature.[2]

## IV. Conclusion

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal Court.

2. By **July 24, 2023**, Respondent must file a motion for summary judgment or state Court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 24, 2023**: deadline for Respondent to file state Court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

> A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B. The motion for summary judgment must be supported by any state Court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

---

[2] If, after the respondent files an answer, the petitioner still believes additional discovery is necessary, he may file a motion for discovery providing specific reasons for his request. *See* Rule 6 of the Rules Governing § 2254 Cases; *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").

C. Copies of the motion for summary judgment, the designation, including state Court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state Court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed

no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A. By **July 24, 2023**, Respondent must file all state Court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the relevant state Court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

  C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state Court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

  D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

  E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

  F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 21, 2023**: check for Respondent's answer and separate brief.

  5. Petitioner's motion to appoint counsel, Filing No. 3, is denied without prejudice to reassertion.

7

6. Petitioner's motion for discovery, Filing No. 9, is denied as premature.

7. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 7th day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court