IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN W. DALTON JR., | |
| Petitioner, | 4:22CV3269 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on Respondent's Motion for Summary Judgment (the "MSJ"). Filing No. 17. In his MSJ, Respondent argues Petitioner John W. Dalton Jr.'s ("Petitioner") Petition for Writ of Habeas Corpus, Filing No. 1, must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d) and that no exception allowing Petitioner to proceed applies. The Court agrees and shall grant Respondent's Motion for Summary Judgment and dismiss the Petition with prejudice.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

**A. Conviction and Sentence**

On January 31, 2018, Petitioner was charged by information in the District Court of Douglas County, Nebraska, with three counts of first-degree murder, three counts of use of a deadly weapon (firearm) to commit a felony, and one count of second-offense possession of a deadly weapon (firearm) by a prohibited person. Filing No. 18-5 at 33–36. On December 10, 2018, pursuant to a plea agreement, Petitioner pled guilty to three

counts of first-degree murder, three counts of using a firearm to commit a felony, and one count of possession of a firearm by a prohibited person, second offense. *Id.* at 40. On December 11, 2018, a sentencing order was filed sentencing Petitioner to consecutive prison sentences of life for the three murder counts, 49 to 50 years for each of the three counts of use of a firearm, and 50 to 80 years for second-offense possession of a firearm. *Id.* at 42–45. No direct appeal was filed. See *State v. Dalton*, 949 N.W.2d 752 (Neb. 2020).

### B. The First Postconviction Motion

On April 8, 2019, Petitioner filed a timely verified motion for postconviction relief in the district court ("PCR I"). Filing No. 18-5 at 4. Following an evidentiary hearing on the sole claim that trial counsel was ineffective for failing to file a direct appeal, the district court entered an order on November 19, 2019, denying PCR I. *Id.* at 20-23.

Petitioner appealed the denial of PCR I to the Nebraska Supreme Court which, on October 9, 2020, affirmed the state district court's denial of Petitioner's ineffective assistance of counsel claim concerning his direct appeal, but vacated a portion of the state district court's order and remanded the cause for further proceedings (the "First Appeal"). See *Dalton, supra*. The mandate was issued by the Nebraska Supreme Court on October 23, 2020. See Filing No. 18-1 at 1, 4.

On remand, the state district court entered a written order on February 10, 2021, denying Petitioner's remaining claim of ineffective assistance of counsel without an evidentiary hearing in PCR I. Filing No. 18-6 at 8-11. Petitioner again appealed on March 3, 2021 (the "Second Appeal"). See *Id.* at 18 (notice of appeal). The Nebraska Supreme Court affirmed the lower court's judgment in a Memorandum Opinion filed on November

5, 2021. Filing No. 18-4. The mandate was issued on November 29, 2021. Filing No. 18-2 at 3.

### B. The Second Postconviction Motion

On December 30, 2021, Petitioner, proceeding *pro se*, filed a successive motion for postconviction relief in the state district court alleging ineffective postconviction counsel. Filing No. 18-7 at 5–11. Petitioner filed an amended postconviction motion on February 7, 2022 ("PCR II"). *Id.* at 32–47.

On March 22, 2022, the state district court entered a written order denying PCR II without an evidentiary hearing. *Id.* at 53–56. Specifically, the district court held that postconviction relief was unavailable to Petitioner because: (1) there is no constitutional right to effective postconviction counsel, (2) the issues raised in PCR II existed at the time the Second Appeal was filed, and (3) PCR II was time barred via Neb. Rev. Stat. § 29-3001(4), which requires a postconviction motion to be filed within one year from the date of the Nebraska Supreme Court mandate affirming a defendant's convictions, which in Petitioner's case was received on October 13, 2020. *Id.* at 53–56. Petitioner appealed, and on June 29, 2022, the Nebraska Supreme Court affirmed the state district court's judgment by sustaining the State's motion for summary affirmance. Filing No. 18-3 at 4. The mandate was issued on July 15, 2022. *Id.*

### C. The Federal Habeas Petition

Petitioner's habeas petition was filed with this Court on December 23, 2022. Filing No. 1. Respondent filed the MSJ, brief in support, a statement of facts, and the state court record. Filing No. 17; Filing No. 18; Filing No. 19; and Filing No. 20. Petitioner filed an "objection" to the MSJ and a brief in support of his objection, Filing No. 25 and Filing

3

No. 26, to which Respondent replied, Filing No. 33. In response to this Court's December 1, 2023, Order, Filing No. 35, addressing numerous requests to supplement the record filed by Petitioner and supplementation of the record by Respondent, *see* Filing No. 32,Petitioner supplemented his response to the MSJ, Filing No. 36.[1]

## II. ANALYSIS

Respondent's sole point of argument in his MSJ is that Petitioner's Petition should be dismissed with prejudice because it is barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d). Filing No. 17; Filing No. 20. Petitioner, however, asserts that his Petition is timely filed and that even if this Court disagrees, he is still entitled to proceed despite the passing of the limitations period under the doctrine of equitable tolling. Filing No. 26; Filing No. 36; Filing No. 38.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

---

[1] In addition, prior to filing his supplement as ordered in Filing No. 35, Petitioner filed a document titled "Supplemental add on to Designation of state Court Records in Support of Objection Motion in Response to Summary Judgment," attaching an "Order on Defendant's Motion for Discovery and Production of Documents Case File," in Case No. CR 18-394, dated November 21, 2023. Filing No. 37. Petitioner also filed what this Court construes as a second supplement in response to this Court's December 1 Order (the "Second Supplement"). Filing No. 38. While this Court makes no finding on whether the Second Supplement is appropriately before this Court, in the interest of thoroughness this Court shall consider them here solely for the purpose of fully addressing Petitioner's arguments.

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As Petitioner was convicted on December 11, 2018, and as there is no dispute he did not file a direct appeal of his conviction, Petitioner's conviction became final on January 10, 2019, upon the expiration of the 30-day appeal period after the state district court filed its sentencing order on December 11, 2018.[2] *See* Neb. Rev. Stat. § 25-1912(1) (Reissue 2008); *see also In re Interest of J.A.*, 510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); *State v. Yos-Chiguil*, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence.").

However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending, *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)). Accordingly, while the one-year limitations period began to run from January 10, 2019, the parties agree that the filing of PCR I on April 8, 2019, tolled the one-year limitations period after 88 days of the limitations period had run. However, because Section 2244(d)(2) only tolls the one-year limitations period during the time that a properly filed application for state postconviction relief *is pending*, *Wall v. Kholi*,

---

[2] Filing No. 18-5 at 42–45.

562 U.S. 545, 549 (U.S. 2011) (emphasis added),[3] the issue of when the limitations toll was lifted is where the parties' opinions diverge.

Respondent contends that the statute of limitations remained tolled only until the Nebraska Supreme Court issued its mandate on Petitioner's Second Appeal of PCR I on November 29, 2021, leaving Petitioner with 277 days to file his Petition. Filing No. 20 at 3. Petitioner disagrees, arguing that the filing of PCR II on February 7, 2022, continued the toll, and that not until the Nebraska Supreme Court issued its mandate on the denial of PCR II on July 15, 2022, did the limitations toll cease. Filing No. 25 at 1. He submits that because less than 277 days passed between the date of the issuance of the mandate in PCR II and his filing of the Petition in this Court 161 days later on December 23, 2022, his Petition is timely. Id.

Addressing Petitioner's argument, Respondent contends that PCR II did not toll the limitations period because PCR II was not a "properly filed application" under 28 U.S.C. § 2244(d)(2), because the state district court found PCR II was time barred under Nebraska law. Filing No. 20 at 3 (citing Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). Ultimately Respondent is correct.

In Artuz v. Bennett, the United States Supreme Court explained that "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." 531 U.S. 4, 8 (2000) (citing United States v. Lombardo, 241 U.S. 73, 76 (1916)). The Court went on to hold that an application is "'properly filed' when its delivery and acceptance are in

---

[3] A postconviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court. Lawrence v. Florida, 549 U.S. 327, 332 (2007).

compliance with the applicable laws and rules governing filings" including rules which prescribe "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*

While the *Artuz* Court expressly did not address the question of whether "the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed," *id.* at 8, n. 2, the Court returned to the issue in *Pace*, holding that "time limits, no matter their form, are 'filing' conditions." 544 U.S. at 414. As such, the Court reasoned where a state court rejects a petitioner's petition as untimely, it was not "properly filed," and therefore statutory tolling under § 2244(d)(2) is inapplicable. *Id.* at 417.

As Petitioner's PCR II was rejected by the state court as untimely, it is not "properly filed," rendering its filing of no consequence to calculating when the statute of limitations under § 2244(d)(2) expired. Because 88 days had already expired on the statute of limitations clock between January 10, 2019, when Petitioner's conviction became final, and his filing of PCR I, at the time the mandate was issued on the Second Appeal of PCR I on November 29, 2021, Petitioner only had 277 days left, or until September 2, 2022, in which to file his Petition in this Court. Because Petitioner's federal habeas Petition was not filed until December 23, 2022, almost three months after the limitations period had run, the Petition is unquestionably untimely.

### B. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling due to his counsel's failure to file a direct appeal of his conviction and sentence, despite being instructed to do so,

7

as well as delays in access to the prison law library due to COVID lockdown from December 2020 through March or April of 2022. Filing No. 26 at 4–5; Filing No. 38 at 1.

The limitations period set forth in 28 U.S.C. § 2244(d)(1) may be subject to equitable tolling, whereby a litigant seeking such relief must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id*. (internal quotation marks omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Pace*, 544 U.S. at 418. Here, Petitioner has failed to meet that burden.

Petitioner's argument that he received ineffective assistance of counsel due to his counsel's alleged failure to file a direct appeal on his behalf after he requested one be filed does not demonstrate "extraordinary" circumstances. The U.S. Supreme Court held that the circumstances of a case must be "extraordinary"—such as an attorney's conduct that is far more than a "garden variety claim of excusable neglect"—before equitable tolling can be applied. *Holland v. Florida*, 560 U.S. 631, 652 (2010). Extraordinary circumstances where equitable tolling is appropriate have been found where "circumstances beyond a prisoner's control prevent the timely filing of a petition or where the conduct of the defendant has lulled the plaintiff into inaction." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citations and internal quotations omitted).

As to Petitioner's assertion that COVID lockdown somehow delayed his ability to file a timely Petition with this Court by September of 2022, Petitioner points to his PCR II, filed in 2022, in support of his position that his Petition is timely. Filing No. 25 at 1; Filing No. 36; Filing No. 38. While some Courts have indeed found that the restrictions found in prisons during the COVID pandemic constituted an "extraordinary circumstance" allowing for the application of equitable tolling where a petitioner attempted to pursue his rights with reasonable diligence, *see e.g. Mullner v. Williams*, No. 220CV00535JADBNW, 2020 WL 6435751, at *2 (D. Nev. Nov. 2, 2020), this Court finds such an application inappropriate as despite whatever difficulties Petitioner faced due to COVID related restrictions, Petitioner appears to have been fully capable of pursuing his claims in state court in PCR II, the same time period in which Petitioner could have filed his Petition. As Petitioner cannot establish that he pursued his rights diligently, he cannot meet his burden under the equitable tolling test.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's Petition was filed after the one-year limitations period expired and he has failed to present sufficient grounds to warrant equitable tolling of the statute of limitations. As Petitioner's habeas Petition is untimely and no exceptions apply which would allow him to proceed, the Motion for Summary Judgment, Filing No. 17, is granted. The Court dismisses the Petition with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. §

2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The Court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. Respondent's Motion for Summary Judgement, Filing No. 17, is granted and the Petition, Filing No. 1, is dismissed with prejudice.

2. The motion events associated with Petitioner's "objection," Filing No. 25, and Second Supplement, Filing No. 38, are denied as moot.

3. The Court will not issue a certificate of appealability in this matter.

4. The Court will enter a separate judgment in accordance with this order.

Dated this 2nd day of July, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court